UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BREINING and CATHY BREINING,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; and DOES 1-20, inclusive,<br><br>Defendants. | No. 2:13-cv-02441-TLN-DAD<br><br>**ORDER** |

The matter is before the Court on Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss (ECF No. 5) Plaintiffs Fred and Cathy Breining's ("Plaintiffs") Complaint (ECF No. 1-1).  For the reasons set forth below, the Motion to Dismiss is GRANTED with leave to amend.

**I. Factual Allegations**[1]

In or around June 2006, Plaintiffs obtained a mortgage from First Federal Bank of California to purchase a residence (the "Property") located in Galt, California.  (Def.'s Req. for

---

[1] Unless otherwise noted the factual allegations are taken from the complaint (ECF No. 1-1).  On a motion to dismiss, the factual allegations of the complaint are assumed to be true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).

1

1   Judicial Notice, ECF No. 6-1 at 2.)[2]

2   On or about July 2, 2012, Plaintiffs submitted a Home Affordable Modification Program ("HAMP")[3] application to their loan servicer at the time, GMAC Mortgage, LLC ("GMAC"), receipt of which GMAC acknowledged.[4]  (ECF No. 1-1 ¶ 8.)  During July and August 2012 Plaintiffs requested an update on their application, GMAC made multiple requests for additional documents including pay stubs, and Plaintiffs provided the documents and pay stubs.  (ECF No. 1-1 ¶¶ 9–12.)  In August 2012, GMAC "confirmed receipt of all required documents and the representative stated that he would let Plaintiffs know as soon as he [heard] further regarding the loan modification."  (ECF No. 1-1 ¶ 12.)

On November 26, 2012, Plaintiffs requested an update regarding the status of their application and were informed that their "file had gone stale."  GMAC did not provide further detail.  (ECF No. 1-1 ¶¶ 13–14.)  On or about December 2012, GMAC told Plaintiffs that in order to be considered for a HAMP loan modification they would have to restart the process.  (ECF No. 1-1 ¶ 15.)

On December 27, 2012, Plaintiffs provided GMAC with a new HAMP application, receipt of which GMAC acknowledged.  (ECF No. 1-1 ¶ 16.)  On January 15, 2013, GMAC requested additional documents regarding the application, which Plaintiffs provided.  (ECF No. 1-1 ¶¶ 17–18.)

On February 6, 2013, Plaintiffs received notice from GMAC stating that the servicing of their loan had been transferred to Defendant.  (ECF No. 1-1 ¶ 19.)  The notice provided that if a

---

[2] Defendant requests that the Court take judicial notice of the deed of trust for the Property.  (*See* ECF No. 6-1.)  "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute."  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Matters of public record include records of a county recorder.  *See Grant v. Aurora Loan Servs., Inc.,* 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010).  Plaintiffs do not oppose the request.  The Court takes judicial notice of the deed of trust.

[3] The federal HAMP program enables homeowners who are in default or at imminent risk of default to apply to obtain permanent modifications to their mortgage payment plans.  *See West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 787–88 (2013).

[4] Plaintiffs state that because of a related pending lawsuit, some of the statements made by Plaintiffs and GMAC, included as factual allegations in this lawsuit, were made by their respective counsels.  (ECF No. 1-1 ¶ 6 n. 1, ¶ 8 n. 2.)

2

1  modification review was underway, the process would continue, and if applicants had "recently
2  submitted financial documentation to be considered for payment options, it [was] not necessary to
3  re-send the documents to [Defendant], as the information [would] automatically transfer." (ECF
4  No. 1-1 ¶ 19.)

5    On February 8, 2013, a representative from GMAC came to the Property, gave Plaintiffs a
6  notice stating that Plaintiffs should contact GMAC immediately, and "alluded that foreclosure
7  proceedings were beginning on Plaintiffs' home." (ECF No. 1-1 ¶ 20.)  On February 11, 2013,
8  Plaintiffs contacted GMAC and inquired about their loan application. (ECF No. 1-1 ¶ 21.)  A
9  representative stated GMAC "would provide an update of the loan modification when [he] had
10 one." (ECF No. 1-1 ¶ 21.)  On February 26, 2013, Plaintiffs requested the contact information for
11 a "single point of contact" with Defendant.[5]  (ECF No. 1-1 ¶ 22.)  In response, Plaintiffs were
12 instructed to continue directing all questions to counsel for GMAC.  (ECF No. 1-1 ¶ 22.)
13 Between February 11, 2013 and May 29, 2013, neither GMAC nor Defendant provided Plaintiffs
14 with an update regarding their loan application.  (ECF No. 1-1 ¶ 21.)

15   On May 30, 2013, Defendant sent Plaintiffs notice providing that they had thirty days to
16 contact Defendant to resolve their delinquency, otherwise Defendant was "permitted under the
17 laws of the State of California to foreclose" on the Property.  (ECF No. 1-1 ¶ 23.)  Plaintiffs assert
18 that at that time, Defendant had in its possession their completed loan modification application.
19 (ECF No. 1-1 ¶ 23.)

20   On May 31, 2013, Plaintiffs requested an update on their loan modification.  (ECF No. 1-1
21 ¶ 24.)  Plaintiffs did not receive an update (ECF No. 1-1 ¶ 24), but on or about June 4, 2013, they
22 received correspondence from Defendant informing them that their request for a modification
23 could not be "fulfill[ed] . . . at this time" because "[w]e previously requested additional
24 information from you which had not been received; therefore, we are unable to continue our
25 review for workout solutions." (ECF No. 1-1 ¶ 25.)  As of the time of Defendant's filing of the

---

[5] *See* Cal. Civ. Code § 2923.7 ("[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.").

3

Motion to Dismiss (Nov. 26, 2013), no notice of default or foreclosure sale had been recorded. (ECF No. 5 at 4.)

## II. Procedural History

On October 11, 2013, Plaintiffs filed the Complaint in the Superior Court of California, County of Sacramento. (ECF No. 1-1.) On November 22, 2013, Defendant removed the case to this Court based on this Court's diversity jurisdiction. (Not. of Removal, ECF No. 1.) On November 26, 2013, Defendant filed a Motion to Dismiss. (ECF No. 5.) Subsequently Plaintiffs filed an Opposition and Defendant filed a Reply. (Opp'n to Mot. to Dism., ECF No. 10; Reply in Supp. of Mot. to Dism., ECF No. 12.)

The instant Complaint alleges violations of the California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7 (providing that the loan servicer must provide a single point of contact for communications with the borrower), and Cal. Civ. Code § 2924.10(a) (describing the information a servicer must provide when the borrower submits a modification application, including a description of the modification process, deadlines for submitting documents, expiration dates for submitted documents, and any deficiencies in the application).[6]

## III. Standard of Law: Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009). "A claim

---

[6] The Complaint also alleges a violation of Cal. Civ. Code § 2924.18 (prohibiting a servicer from recording a notice of default or sale, or conducting a trustee's sale, while a first lien loan modification application is pending). (ECF No. 1-1 ¶¶ 33-38.) Plaintiffs voluntarily dismiss this claim. (ECF No. 10 at 8-9.)

4

has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**IV. <u>Analysis</u>**

i. <u>The California Homeowner Bill of Rights</u>

Effective January 1, 2013, the HBOR modified California's non-judicial foreclosure process by amending the California Civil Code to prohibit deceptive and abusive home foreclosure practices. *See Bingham v. Ocwen Loan Servicing, Inc.*, 2014 U.S. Dist. LEXIS 53782, at *10 (N.D. Cal. Apr. 16, 2014); *Flores v. Nationstar Mortgage LLC*, 2014 U.S. Dist. LEXIS 12662, at *7 (C.D. Cal. Jan. 6, 2014). The purpose of the HBOR is to ensure that

1  specified borrowers who may qualify for a foreclosure alternative are "considered for, and have a
2  meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through
3  the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure."
4  Cal. Civ. Code § 2923.4.  The HBOR requires lenders to undertake additional duties prior to
5  serving a notice of default, including the duties described in § 2923.7 and § 2924.10(a), which
6  Plaintiffs allege Defendant failed to comply with in this case.

7  As a preliminary matter, Defendant contends that the HBOR does not apply to the instant
8  claims because the loan contract was entered into in 2006, prior to the HBOR's enactment on
9  January 1, 2013. (ECF No. 5 at 9.)  However, numerous recent decisions have applied provisions
10  of the HBOR to loans that originated before January 1, 2013.  *See e.g. Singh v. Bank of America,
11  N.A.*, 2013 WL 1858436, at *2 (E.D. Cal. May 2, 2013); *Ware v. Bayview Loan Serv.*, *LLC*, 2013
12  WL 6247236, at *6 (S.D. Cal. Oct. 29, 2013); *Mann v. Bank of America, N.A.,* 2014 WL 495617,
13  at *3 n. 2 (C.D. Cal. Feb. 3, 2014).  To restrict the HBOR to loans originating after January 1,
14  2013 would contravene its purposes, which is to ensure that "borrowers are considered for …
15  available loss mitigation options … such as loan modifications…."  *See* Cal. Civ. Code §
16  2923.4(a).  Therefore, the fact that Plaintiffs' loan originated prior to January 1, 2013, does not
17  preclude Plaintiff from seeking relief under the HBOR.

18  However, the HBOR does not apply retroactively to Defendant's conduct.  *See Sepehry-
19  Fard v. Aurora Bank FSB*, 2013 WL 2239820, at *3 (N.D. Cal. 2013); *McGough v. Wells Fargo
20  Bank, N.A.*, 2012 WL 5199411, at *5, n. 4 (N.D. Cal. 2012) ("[The HBOR] amendments do not
21  go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be,
22  applied retroactively.").  Therefore to the extent that Plaintiffs' claim rests upon Defendant's acts
23  and omissions alleged to have occurred prior to January 1, 2013, this conduct is not actionable
24  under the HBOR.

25  ii. Plaintiffs' claims and available relief

26  Plaintiffs bring two claims under the HBOR, respectively, for violations of Cal. Civ.
27  Code § 2923.7 and § 2924.10(a).  Defendant moves to dismiss these claims on the basis that
28

Plaintiffs are not entitled to the relief they seek.[7] With respect to both § 2923.7 and § 2924.10, if a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of these provisions. Cal. Civ. Code § 2924.12(a)(1). After a trustee's deed upon sale has been recorded, a loan servicer is liable to a borrower for actual economic damages resulting from a material violation of these provisions. Cal. Civ. Code § 2924.12(b). If the court finds that the material violation was intentional or reckless, the court may award the greater of treble actual damages or statutory damages of $50,000. Cal. Civ. Code § 2924.12(b). *See also Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 905 (2013) ("…those facing foreclosure may seek an injunction, while those who have lost their homes may seek treble actual damages or statutory damages of §50,000, whichever is greater.").

In this case, Plaintiffs do not allege that a trustee's deed upon sale has been recorded. Defendant states that a trustee's deed upon sale has not been recorded, and Plaintiffs do not dispute this characterization. (ECF No. 5 at 12.) Defendant therefore argues that because economic damages are available for material violations of § 2923.7 and § 2924.10 only after a trustee's deed upon sale has been recorded, this form of relief is not available to Plaintiffs. Plaintiffs do not respond to this argument. A plain reading of § 2924.12(b) confirms Defendant's position. With respect to possible injunctive relief under § 2924.12(a), Plaintiffs do not state they seek injunctive relief and appear specifically to request economic relief. (*See* ECF No. 1-1 at ¶¶ 27–32, 39-53.)[8] Were Plaintiffs to request injunctive relief, they still must allege facts that plausibly constitute a material violation of sections 2923.7 or 2924.10. *See* § 2924.12(a)(1). Because the relief requested does not comport with the factual allegations, Plaintiffs' claims are dismissed with leave to amend.

///

///

///

---

[7] Because the Court finds Defendant's arguments in this respect availing, it does not reach the other arguments raised in the motion to dismiss (ECF No. 5).

[8] Defendants assert that Plaintiffs are barred from seeking injunctive relief in any manner because no notice of default has been filed. (ECF No. 5 at 11.) A plain reading of § 2924.12(a) does not so restrict the available relief.

7

## V. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that:

1. Defendant's Motion to Dismiss Plaintiffs' Complaint is GRANTED;
2. Plaintiffs are given leave to amend and shall file and serve a First Amended Complaint within 14 days of entry of this Order;
3. Defendants shall file their responsive pleading within 21 days of service of the First Amended Complaint.

Dated: July 8, 2014

_____
Troy L. Nunley
United States District Judge