UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BREINING and CATHY BREINING,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; and DOES 1-20, inclusive,<br><br>Defendants. | No. 13-cv-2441-TLN-DAD<br><br>**ORDER** |

The matter is before the Court on Defendant Ocwen Loan Servicing, LLC's ("Defendant") motion to dismiss (ECF No. 17) Plaintiffs Fred Breining and Cathy Breining's ("Plaintiffs") first amended complaint ("FAC") (ECF No. 16). For the reasons discussed below, the motion to dismiss is GRANTED.

**I.     Facts**

In or around June 2006, Plaintiffs obtained a mortgage from First Federal Bank of California to purchase a property (the "Property") located in Galt, California. (Def.'s Req. for Jud. Not., ECF No. 6-1 at 2.)[1] According to the FAC, in July, 2012, Plaintiffs submitted a Home

---
[1] The Court previously took judicial notice of the deed of trust for the Property. (ECF No. 16 at 2, fn. 2.)

1

Affordable Modification Program ("HAMP") application to their loan servicer at the time, GMAC Mortgage, LLC ("GMAC").  (ECF No. 16 ¶ 8.)

Subsequently, through January, 2013, Plaintiffs and GMAC communicated at various points about one or more pending HAMP applications, with GMAC requesting additional documents and Plaintiff providing those documents.  (ECF No. 16 ¶¶ 9–19.)

On February 6, 2013, Plaintiffs received notice from GMAC stating the servicing of their loan had been transferred to Defendant.  On February 8, 2013, a representative from GMAC came to the Property and alluded that foreclosure proceedings were beginning on Plaintiff's home.   On February 26, 2013, Plaintiffs requested the contact information for a "single point of contact" with Defendant, but were instructed to continue directing all questions to counsel for GMAC.  (ECF No. 16 ¶¶ 20–22.)

On May 30, 2013, Defendant sent Plaintiffs notice providing they had thirty days to contact Defendant to resolve their delinquency, otherwise Defendant was "permitted under the laws of the State of California to foreclose" on the property.  Plaintiffs assert that at that time, Defendant had in its possession their completed loan modification application.  On May 31, 2013, Plaintiffs requested an update on their loan modification but did not receive one.  (ECF No. 16 ¶¶ 23–24.)

On June 4, 2013, Defendant sent Plaintiffs correspondence stating that it was unable to fill Plaintiffs' request for a loan modification due to Plaintiffs having failed to provide Defendant with requested additional information.  Plaintiffs assert they never failed to comply with requests for additional information.  Since then, Plaintiffs have continued to request updates from Defendant, and have received conflicting responses regarding whether they will be approved for a loan modification.  Plaintiffs are unsure whether they will be approved.  (ECF No. 16 ¶¶ 25–27.)

**II.     Procedural History**

The Court notes the preliminary statement made by Defendant in its motion to dismiss informs that this is the fourth lawsuit Plaintiffs have brought involving the property, and that Plaintiffs have consistently made late filings in order to prolong litigation.  (ECF No. 17 at 2.)

The three prior cases, according to Defendant, are *Breining v. Wells Fargo & GMAC*,

2

Sacramento County Super. Ct. Case No. 34-2010-000768320; *Breining v. GMAC*, Sacramento County Super. Ct. Case No. 34-2012-00121374; and *Breining v. Ocwen Loan Servicing, LLC* (E.D. Cal. 2:13-cv-01417-TLN-DAD). (ECF No. 17 at 2; ECF No. 6 at 2.)

With respect to *Breining v. GMAC*, Sacramento County Super. Ct. Case No. 34-2012-00121374, Defendant attaches (in this lawsuit) a series of filings relevant to a motion to strike Defendant brought in that case. These filings include a written ruling by the state court indicating that Plaintiffs, at minimum, failed to file a first amended complaint within the time frame allowed by that court.[2] (ECF No. 18-1 at 26–27.)

In the prior case before this Court, *Breining v. Ocwen Loan Servicing, LLC* (E.D. Cal. 2:13-cv-01417-TLN-DAD), Defendant sought removal of a complaint from state court, as it appeared Plaintiffs had filed there, and subsequently filed a motion to dismiss. Plaintiffs then responded, explaining that the filing in state court had been rejected because the filing fee had not been attached. (2:13-cv-01417, ECF No. 9 at 2.) Because there was no filed state court complaint, rendering removal improper, this Court dismissed the action without prejudice on August 26, 2013. (2:13-cv-01417, ECF No. 11.)

As to the instant lawsuit, Plaintiffs originally filed the complaint in Sacramento County Superior Court, and the case was removed to this Court on November 22, 2013. (ECF No. 1.) The Court granted Defendant's first motion to dismiss on July 9, 2014, giving Plaintiffs fourteen days to file an amended complaint. (ECF No. 15.) Plaintiffs filed a late FAC on July 28, 2014. (ECF No. 16.) Defendant filed a motion to dismiss the FAC on August 4, 2014. (ECF No. 17.) Plaintiffs made no further filings until September 5, 2014, when they requested leave to file a late opposition. The Court denied that request. (ECF No. 23.)

The instant FAC contains four claims. Claims one through three state violations of California's Homeowner Bill of Rights ("HBOR") as follows: section 2923.7 (failure to establish a single point of contact); section 2924.18 (dual tracking, i.e. moving forward with foreclosure while a loan application is pending); and section 2924.10 (failure to comply with notice

---

[2] Under Fed. R. Evid. 201, the Court takes judicial notice of the state court's ruling (ECF No. 18-1 at 26–27). Plaintiff has not opposed Defendant's request that the Court take judicial notice.

requirements upon Defendant's receipt of a loan modification application).  Claim four alleges common law negligence.

### III.     Standard of Review: Fed. R. Civ. Proc. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.

4

While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### IV. Analysis

A. Homeowner Bill of Rights

The Court incorporates by reference the discussion from its previous order regarding California's Homeowner Bill of Rights. (ECF No. 15 at 5–6.) In brief: the HBOR went into effect on January 1, 2013, and the Court does not find it applies retroactively to Defendant's conduct. *See Sepehry-Fard v. Aurora Bank FSB*, 2013 WL 2239820, at *3 (N.D. Cal. 2013); *McGough v. Wells Fargo Bank, N.A.,* 2012 WL 5199411, at *5, n. 4 (N.D. Cal. 2012) ("[The HBOR] amendments do not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively"). Therefore, to the extent Plaintiffs' claims rest upon Defendant's actions occurring prior to January 1, 2013, this conduct is not actionable under the HBOR.

B. Claim 1: Cal. Civ. Code § 2923.7

Section 2923.7 provides, in relevant part, that upon request from the borrower, Defendant must "promptly establish a single point of contact" with the borrower, in order to facilitate communication regarding an "available foreclosure prevention alternative," such as a loan application submitted by Plaintiffs.

The Court views the relevant factual allegations for this claim, taken from the FAC, to be:

> "On February 26, 2013 Plaintiffs requested the contact information for the single point of contact at Ocwen. Plaintiffs were not given a single point of contact at Ocwen and were told to continue directing all questions to GMAC." (ECF No. 16 ¶ 22.)
>
> "Plaintiffs continued to request updates from Defendants since 2013 without one substantive response. In fact, as recently as April 2014, Plaintiff was informed that they did in fact qualify for a loan modification by Defendants. During a conversation with a different representative of Defendants, Plaintiffs learned that they did not qualify for a loan modification. With the glaring differences in representations, Plaintiffs demanded to know exactly what was going on with their loan modification. To date, Plaintiffs' requests

have literally gone unanswered." (ECF No. 16 ¶ 31.)

Under Fed. R. Civ. Proc. 8, the complaint must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief; and [] a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiffs state, with respect to this claim, only that Defendants' conduct was "a material breach of [the HBOR] and was intentional and/or reckless; therefore, Plaintiffs are entitled to the greater of treble actual damages or statutory damages of $50,000."[3] (ECF No. 16 ¶ 32.) It appears Plaintiffs invoke Cal. Civ. Code § 2924.12, which provides in relevant part:

> (a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.
>
> […]
>
> (b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

As with Plaintiffs' first complaint, they do not appear to seek injunctive relief and specifically request economic relief. However, Plaintiffs do not state a trustee's deed upon sale has been recorded. So, the relief requested by Plaintiffs, under section 2924.12(b), does not comport with the conditions necessary for seeking this relief. The Court invited Plaintiffs to clarify the relief requested in its prior order (ECF No. 15); Plaintiffs did not do so. Therefore, this claim is dismissed.

---

[3] Otherwise, the FAC as a whole contains a boilerplate request for compensatory, consequential, general, punitive and/or treble damages, and any other relief the Court deems proper. (ECF No. 16 at 13.)

C. <u>Claim 2: Cal. Civ. Code § 2924.18</u>

California Civil Code section 2924.18 states in relevant part:

> (a)(1) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification.
>
> (2) If a foreclosure prevention alternative has been approved in writing prior to the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default under either of the following circumstances:
>
> (A) The borrower is in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan.
>
> (B) A foreclosure prevention alternative has been approved in writing by all parties, including, for example, the first lien investor, junior lienholder, and mortgage insurer, as applicable, and proof of funds or financing has been provided to the servicer.
>
> …
>
> (e) If a borrower has been approved in writing for a first lien loan modification or other foreclosure prevention alternative, and the servicing of the borrower's loan is transferred or sold to another mortgage servicer, the subsequent mortgage servicer shall continue to honor any previously approved first lien loan modification or other foreclosure prevention alternative, in accordance with the provisions of the act that added this section.

Plaintiff's original complaint brought a claim under section 2924.18. Plaintiff voluntarily dismissed that claim. (ECF No. 10 at 8–9.) Now, Plaintiffs bring the claim again, but there is no material change in the factual allegations. Plaintiffs do not allege as follows: that an agent for Defendant has recorded a notice of default or notice of sale, or conducted a trustee's sale, § 2924.18(a)(1); that "a foreclosure prevention alternative has been approved in writing prior to the recordation of a notice of default," § 2924.18(a)(2); or that Plaintiffs were approved in writing, subsequent to a switch in mortgage servicers, for a "first lien loan modification or other foreclosure prevention alternative," § 2924.18(e). Therefore, the claim is dismissed.

7

1     D.      Claim 3: Cal. Civ. Code § 2924.10(a)

2           Section 2924.10(a) provides that, upon submission by the borrower of a loan modification or related document, that the servicer will provide written acknowledgement within five days of receipt, and the acknowledgment will include a description of the loan modification process, relevant deadlines, expiration dates for submitted documents, and information on a deficiency in the application.

           As with Plaintiff's claim under section 2923.7, Plaintiffs again state Defendant's conduct was "a material breach of [the HBOR] and was intentional and/or reckless; therefore, Plaintiffs are entitled to the greater of treble actual damages or statutory damages of $50,000." Claims for a material violation of 2924.10 are governed by section 2924.12. Section 2924.12 provides that Plaintiffs may bring an action for injunctive relief if a trustee's deed upon sale has not been recorded; also, Plaintiffs may bring an action for actual economic damages if a trustee's deed upon sale has been recorded. Plaintiffs do not allege a trustee's deed upon sale has been recorded. Plaintiffs do not state they seek injunctive relief and appear to specifically request economic relief. In short, as with Plaintiffs' first claim, their claim under section 2924.10 lacks an explanation for the relief sought. In its prior order (ECF No. 15), the Court invited Plaintiffs to clarify the relief they seek. Plaintiffs did not. Therefore, this claim is dismissed.

     E.      Claim 4: Negligence

           "An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." *Ann M. v. Pac. Plaza Shopping Ctr..,* 6 Cal. 4th 666, 673 (1993).

           Defendant's primary argument is that engaging in the loan modification process does not entail that it owed Plaintiffs a legal duty. As authority, Defendant cites *Lueras v. BAC Home Loans Servicing, LP,* 221 Cal. App. 4th 49, 66 (Cal. App. 4th Dist. 2013) ("We conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money … the *Biakanja* factors[4] do not support

---

[4] The *Biakanja* factors "to determine whether to recognize a duty of care" are: "(1) the extent to which the

imposition of a common law duty to offer or approve a loan modification.").

The Court notes a distinguishable outcome reached in *Alvarez v. BAC Home Loans Servicing, L.P.* 228 Cal. App. 4th 941, 951 (Cal. App. 1st Dist. 2014) (finding defendants, including the lender and loan servicer, owed plaintiffs a "duty to use reasonable care in the processing of a loan modification.")

Regardless, the facts pled by Plaintiffs are inadequate to state a claim for negligence, under *Lueras* or *Alvarez*. For example, in *Alvarez* (which favors Plaintiffs here), the plaintiffs alleged that defendants actually foreclosed on their properties while they were under consideration for a HAMP modification, and that defendants relied on incorrect information in reviewing the application, including using incorrect figures for Alvarez's monthly gross income and for the loan amount owing on one of the properties. *Alvarez*, 228 Cal. App. 4th at 945. Plaintiffs' factual allegations, as pled, do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Thus, the claim is dismissed.

F.      Injury

Generally, it is unclear what Plaintiffs' injury is. Plaintiffs assert they "have lost the opportunity to receive a fair review of their loan modification." (ECF No. 16 ¶ 56.) But the facts alleged do not indicate that possibility has been foreclosed, nor have Plaintiffs alleged that they would qualify for a loan modification. Plaintiffs assert they "have expended numerous hours and resources toward the goal of modifying their loan." (ECF No. 16 ¶ 56.) But Plaintiffs do not explain how that constitutes an actionable injury. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and [] a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. Proc.

---

transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 63 (citing *Biakanja v. Irving* 49 Cal.2d 647 (1958).

[5] *See e.g.* FAC ¶ 55.

8. As it stands, the FAC does not adequately state an injury for which Plaintiffs are entitled to relief.

### V.     Order

For the foregoing reasons, it is hereby ordered:

1. Defendant's Motion to Dismiss (ECF No. 17) the First Amended Complaint is GRANTED.
2. Plaintiffs are given leave to amend; failure to cure the deficiencies highlighted in this Order will result in dismissal with prejudice.[6]  Plaintiffs shall file and serve a Second Amended Complaint within 14 days of entry of this Order.
3. Defendants shall file their responsive pleading within 21 days of service of the Second Amended Complaint.

Dated:  March 25, 2015

Troy L. Nunley
United States District Judge

---

[6] Plaintiffs are further advised to address Cal. Civ. Code § 2923.6(g) ("In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.")