UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BREINING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendants. | No. 2:13-cv-02441-TLN-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DESIGNATION** |

This matter is before the Court pursuant to Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Strike the Breinings' Expert Witness Designation. (ECF No. 45.) Plaintiffs Fred and Cathy Breining ("Plaintiffs") oppose the motion. (ECF No. 55.) Defendant has filed a reply. (ECF No. 58.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Defendant's Motion to Strike is GRANTED. (ECF No. 45.)

///
///
///
///
///
///

1

## I. INTRODUCTION AND FACTUAL BACKGROUND

As relevant to the instant motion, this case arises out of Plaintiffs' attempts to obtain a loan modification on their mortgage.[1] On October 19, 2015, the Court issued a Pretrial Scheduling Order. (ECF No. 34.) Section V governs the disclosure of expert witnesses and states as follows:

> All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than August 18, 2016. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with FED. R. CIV. P. 26(a)(2)(B). (ECF No. 34 at 2.)

On August 18, 2016, Plaintiffs filed an expert witness designation, naming Stan Smith, Ph.D., as their sole expert witness. (ECF No. 43 at 2.) However, Plaintiffs failed to include a written report as required by the Court's Pretrial Scheduling Order (ECF No. 34 at 2) and Federal Rule of Civil Procedure ("Rule") 26(a). FED. R. CIV. P. 26(a)(2)(B). Defendant moves to strike Plaintiffs' expert witness disclosure pursuant to Rule 37(c)(1), arguing it fails to comply with the Court's Pretrial Scheduling Order and Rule 26(a). (ECF No. 45 at 5.)

## II. STANDARD OF LAW

Rule 26(a)(2)(B) deals with disclosure of expert reports and provides as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. FED. R. CIV. P. 26(a)(2)(B).

Rule 37(c) addresses a party's failure to disclose expert reports and provides:

---

[1] The Second Amended Complaint ("SAC") (ECF No. 25) is the operative complaint. In an order dated March 28, 2018, (ECF No. 61) the Court dismissed two of Plaintiffs' three causes of action. Plaintiffs are proceeding on a single negligence cause of action.

2

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: may order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). FED. R. CIV. P. 37(c).

Rule 26(a) requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports. FED. R. CIV. P. 26(a). Parties must make these expert disclosures at the times and in the sequence that the court orders. *Id*. Rule 37(c) "gives teeth" to Rule 26(a)'s disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Yeti by Molly Ltd.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing FED. R. CIV. P. 37(c)(1)). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Goodman*, 644 F.3d at 827 (quoting FED. R. CIV. P. 37 advisory committee's note (1993)). The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. *Goodman*, 644 F.3d at 827; FED. R. CIV. P. 37(c)(1). The burden of demonstrating substantial justification or harmlessness lies squarely with the non-complying party. *Goodman*, 644 F.3d at 827.

### III. ANALYSIS

Both parties concede Plaintiffs failed to comply with the Court's Pretrial Scheduling Order and Rule 26(a) by not including the required written report in their expert witness disclosure on August 18, 2016. (ECF No. 45 at 4; ECF No. 55 at 2.) Under Rule 37(c)(1), Dr. Smith's testimony is inadmissible unless Plaintiffs' failure was substantially justified or harmless. FED. R. CIV. P. 37(c). Defendant argues Plaintiffs are unable to meet their burden to show their failure was substantially justified, and that they were harmed by Plaintiffs' failure. (ECF No. 45 at 9.) Plaintiffs argue their failure to include the required written report was both substantially justified and harmless. (ECF No. 55 at 5.) After careful review, the Court finds Plaintiffs have

not shown their failure to include a written report in their expert witness disclosure was substantially justified or harmless.

Plaintiffs assert they were substantially justified because they miscalculated the amount of time required to obtain a written report from their expert witness. (ECF No. 55 at 2.) However, Plaintiffs cite no case law supporting their assertion that mismanagement of time qualifies as a substantial justification for ignoring the Court's Pretrial Scheduling Order. In fact, the Ninth Circuit has rejected the notion that attorney error constitutes substantial justification for failing to comply with a court's scheduling order. *See Goodman*, 644 F.3d at 827 (holding an attorney's failure to read the scheduling order did not constitute substantial justification). Like the failure to read the scheduling order, Plaintiff's failure to appropriately manage time is an attorney error which does not constitute substantial justification.

Plaintiffs further state they requested a 10-day extension from Defendants after the deadline passed. (ECF No. 55 at 4.) Despite their request, modifications to the Pretrial Scheduling Order only occur upon good cause and with judicial consent. (ECF No. 34 at 11); FED. R. CIV. P. 16(b). The Court did not consent to this modification. Therefore, Plaintiffs' request for an extension did not modify the scheduling order. In any event, Plaintiffs ignored their own extension request because Defendant has still not received a written report, more than a year and a half later. None of the reasons advanced by Plaintiffs constitute a substantial justification for their failure to comply with the Court's Pretrial Scheduling Order and Rule 26(a).

Plaintiffs further argue their error was harmless because they believe there is enough time before trial for the Defendant to depose their witness. (ECF No. 55 at 4.) Plaintiffs further state their failure to include a witness report is harmless because Mr. Smith's popularity as an economist supports his credibility as a witness. (ECF No. 55 at 4.) Again, Plaintiffs offer no legal support for their arguments. The Ninth Circuit has held that when a party fails to identify expert witnesses and provide the disclosures required by Rule 26(a) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Plaintiffs concede they failed to provide the required written report on August 18,

2016, as required by the Pretrial Scheduling Order.  (ECF No. 55 at 2.)  Pursuant to Ninth Circuit authority and the Federal Rules of Civil Procedure, both Defendant and this Court have been harmed by Plaintiffs' failure.  Thus, Plaintiffs have not carried their burden under Rule 37(c).

### IV. CONCLUSION

Accordingly, the Court hereby GRANTS Defendant's Motion to Strike Plaintiffs' Expert Witness Designation.  (ECF No. 45.)

IT IS SO ORDERED.

Dated: September 12, 2018

Troy L. Nunley
United States District Judge